ROBERT C. HEFLEBOWER v. HELGA V. B. HEFLEBOWER.

1. **Alimony Based on Future Personal Earnings not Authorized.**
   In an action for divorce and alimony the power of the court to make provision in favor of a wife, against whom a divorce has been ordered for her aggression, is fixed by Sec. 11993 G. C. It is authorized to order the transfer to her of a share of real or personal property, owned by the husband at the time of the decree, but it may not order alimony based on future personal earnings.

2. **Determining Whether Decree is Alimony or Share of Property.**
   Whether a decree entered constitutes an order for the payment of alimony or a share of the husband's estate, is to be determined by the legal effect of the judgment entry as a whole.

3. **Alimony Decree Modifiable. Division of Property Final.**

Heflebower v. Heflebower.

An order for alimony can be modified upon a change of circumstances and conditions and differs from an order adjudging a share of the husband's real or personal property, which is a final determination of the rights of the parties.

4. **Alimony Payable in Monthly Sums not Share or Division of Property.**

When the court makes an order for the payment of a monthly sum for an indefinite time, not out of property then owned by the husband, the total amount of which is neither fixed nor ascertainable, the award is not a "share of the husband's real or personal property."

5. **Void Alimony Decree Collaterally Attacked in Contempt.**

If a court makes a decree which is not within the powers granted to it by the law of its organization, the decree is void and it may be attacked collaterally in proceedings in contempt to enforce it.

*Closs & Luebbert* and *Dempsey & Nieberding,* for plaintiff in error.

*Peck, Shaffer & Williams,* for defendant in error.

**SHOHL, J.**

This is a proceeding in error to the judgment of the court of insolvency finding plaintiff in error guilty of contempt of court because of disobedience of an order directing him to pay $35 per month to defendant in error against whom he had been granted a divorce.

In January, 1910, the plaintiff in error brought an action against the defendant in error, praying for a divorce and for general relief. Defendant filed a cross-petition praying for alimony. In September, 1910, the court entered a decree in favor of the plaintiff finding the defendant guilty of wilful absence and dissolving the marriage relation between the parties. The court reserved all questions of alimony and support of children and attorneys' fees for further hearing. After the further hearing, the court entered the following:

"This cause coming on further to be heard upon the matter of alimony allowance to the defendant and upon the evidence, the court find that the defendant is entitled to alimony, and it is ordered, adjudged and decreed that the plaintiff pay to the defendant the sum of $35 per month upon the first day of each and every month, and the further sum of $100, to be paid to the counsel for said defendant as an allowance of counsel fees herein.

"And it is further ordered that the custody and support of the children be committed to the defendant until further order of the court, and that the support of said children, during their minority, be borne by the defendant."

In September, 1918, the defendant filed charges of contempt against plaintiff for failing to pay the sums ordered. The plaintiff answered alleging that the plaintiff had been granted a divorce against the defendant by reason of her aggressions; that the plaintiff at the time of the decree had no property or estate of any kind, except his ability to earn money in his profession, and that there was no order, decree or judgment awarding to the defendant any property or estate belonging to the plaintiff; that the court was without power or authority to enter a decree for weekly alimony and for other reasons. All of the pleadings and orders of the court in the divorce case were placed in evidence.

It is admitted that after January 1, 1917, plaintiff has made no payments under the order of court.

The case raises several questions.

1. May a court grant to a wife, against whom a divorce has been ordered for her aggression, alimony payable periodically for an indefinite time, and is this an order for the payment of a share of the husband's real or personal property?

2. Does it appear from the record that the trial court did so decide?

3. If the court did so decide, and if such decision is incorrect, can it be questioned in an action for contempt?

Jurisdiction in matters of divorce and alimony is purely statutory. *Marleau* v. *Marleau*, 95 Ohio St. 162 [115 N. E. 1009].

Sections 11990 and 11991 G. C. fix the rights of a wife to whom a divorce is granted because of the husband's aggression. The rights of a wife against whom a divorce is granted by reason of aggression are fixed by Sec. 11993. These sections are as follows:

Section 11990. ''When a divorce is granted because of the husband's aggression, by force of the judgment the wife shall be restored to all her lands, tenements and hereditaments, not previously disposed of, and the husband barred of all right of dower therein. If she so desires the court shall restore to her any name she had before such marriage, and allow such alimony out of her husband's property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.''

Section 11991. ''Such alimony may be allowed in real or

personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable. If the wife survives her husband, she also shall be entitled to her right of dower in his real estate not allowed to her as alimony, of which he was seized during the coverture, and in which she had not relinquished her right of dower."

Section 11993. "When the divorce is granted by reason of the aggressions of the wife, she shall be barred from all right of dower in the lands of which her husband is seized at the time of filing the petition for divorce, or which he thereafter acquires, whether there is issue or not. The judgment of divorce shall restore to her the whole of her lands, tenements or hereditaments not previously disposed of and not allowed to her husband as alimony, subject to the dower right of her husband therein. The court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; * * *."

Unless the wife, who is adjudged to be in the wrong, acquires her rights under Sec. 11993, there is no foundation for a provision in her favor. It is necessary, therefore, to examine the language of that section. The statement "the court may adjudge to her such share of the husband's real or personal property as it deems just," seems plain. Its power to make an award in her favor is to order the transfer to her of a share of certain existing property.

It is urged on behalf of the defendant in error that the Supreme Court in the case of Lape v. Lape, 99 Ohio St. 143, in construing Sec. 11990 held that jurisdiction to grant alimony "out of her husband's property" permitted the allowance of alimony based on future earnings or wages of the husband. The decision in that case holds that as the court has power to order "alimony" the phrase "out of her husband's property" is not of controlling force." In determining what the legislature meant by "alimony," the court reiterates the statement in Fickel v. Granger, 83 Ohio St. 101 [93 N. E. 527; 32 L. R. A. (N. S.) 270; 21 Ann. Cas. 1347], that it is founded on the obligation which grows out of the marriage relation that the husband must support his wife, which obligation continues after legal separation, without her fault. The decision as a whole is an application of the doctrine stated by Judge Thurman in the case of Tracy v. Card, 2 Ohio St. 431, and referred to in Lape v. Lape, Supra, that "it is by no

means unusual in construing remedial statutes to extend the enacting words beyond their natural import and effect in order to include cases within the same mischiefs.'' The construction there given was required to prevent injustice to a wife who had been wronged. Those considerations can not fairly be said to be applicable to a case where the marital relation is terminated by reason of the misconduct of the wife. The language of the statute, Section 11993, is plain and the sole function of the courts is to enforce it according to its terms. *Elmwood Place* v. *Schanzle,* 91 Ohio St. 354, [110 N. E. 922]; *Slingluff* v. *Weaver,* 66 Ohio St. 621 [64 N. E. 574]; *Woodbury & Co.* v. *Berry,* 18 Ohio St. 456; *Caminetti* v. *United States,* 242 U. S., 470, 485 [61 L. Ed. 442]; *United States* v. *Detroit First Nat. Bank,* 234 U. S., 245, 258 [58 L. Ed. 1298]; *United States* v. *Lexington Mill & Elevator Co.,* 232 U. S., 399 [58 L. Ed. 658]; *Lake County* v. *Rollins,* 130 U. S., 662, 670, 671 [32 L. Ed. 1060].

We are of opinion, therefore, that under Section 11993 a court may award to a wife, for whose aggression a divorce has been granted to her husband, a share of such property only as the husband may own at the time of the rendering of the decree. It is not empowered to order payments out of future personal earnings or wages of the husband.

It is urged, however, that the court is bound to presume that the decree, the enforcement of which is sought in these contempt proceedings, included a determination that the husband then owned the property which was ordered to be paid. While it will be presumed in the absence of a showing to the contrary that the court proceeded in accordance with law and found the husband to be possessed of property out of which the payments could legally be decreed, the record is inconsistent with the contention that the decree is an order for the payment of a share of existing real or personal property. On its face it purports to be an alimony allowance. That statement alone is not conclusive. The legal effect of the judgment entry as a whole and not the mere language used must govern. It is not payable from any existing property owned by the husband, nor is the total sum payable fixed or ascertainable. In the case of *Hassaurek* v. *Markbreit,* 68 Ohio St. 554, 578 [67 N. E. 1066] Judge Shauck said:

Heflebower v. Heflebower.

"The finding of the court * * * that the wife had been absent for more than three years * * * excluded her right to alimony."

He had in mind a distinction between "alimony" and "share of the husband's property," as appears from page 580 of the same case where a reference to what was then Sec. 5700 R. S.: "And the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just and reasonable."

Counsel for defendant in error offer the ingenious suggestion that the court in presuming such a state of facts to have existed as would justify the judgment, might assume that the plaintiff at the time of the original trial had an annuity or other fixed source of monthly income without possession or right of possession of the principal or corpus of the estate from which it was derived, and without power of anticipation of the principal. The right to receive such income would undoubtedly be property and a portion thereof would be literally a share of the husband's property. Had such a state of facts existed and had the court adjudged to the wife a share of such property, his obligation would have been limited to the payment of that income, so long as it was received. Insolvency of an obligor of the annuity or other loss of source of income, might destroy the property and would excuse further payments, if the court had merely transferred to the wife an interest in such property. The terms of the decree in the case at bar preclude such possibility. Under its terms, the payments go on indefinitely.

It appears, therefore, that the order of the trial court in the divorce case was not a direction for the payment of a share of the property, but was an order for the payment of permanent alimony. They are different in their nature. If the order were alimony, it might be modified upon a change of circumstances and conditions. If it were in the nature of a permanent division of the husband's property, it would be a final determination of the rights of the parties in that respect. *Fenn* v. *Fenn,* 44 O. C. C. 215 (23 N. S. 205); *Lally* v. *Lally,* 152 Wis. 56 [138 N. W. 651]; *Norris* v. *Norris,* 162 Wis., 356.

If the court was without power to grant alimony to the defendant, and, if what it did grant constituted alimony, can the

validity of the decree be brought in question in this case? If the court which has jurisdiction renders a judgment which it has the power to make, but which is merely erroneous, its decision can not be attacked collaterally. *Bly* v. *Smith*, 94 O. S., 110. Though a court may possess jurisdiction of a cause, of the subject matter, and of the parties, it is still limited in its modes of procedure and in the extent and character of its judgments, and, if it makes a decree which is not within the powers granted to it by the law of its organization, the decree is void. *Standard Oil Co.* v. *Missouri*, 224 U. S., 270, 281, 282 [56 L. Ed. 760]; Works, Courts, 2nd Ed., Sec. 8; *Windsor* v. *McVeigh*, 93 U. S. (3 Otto) 274, 282 [23 L. Ed. 914]; 15 R. C. L., 853.

The power of the court is limited to adjudge a share of the husband's real or personal property. Its attempt to do more than that being in excess of its powers, is of no legal effect. It follows, therefore, that the order of committment by the court of insolvency for failure to obey that part of the decree which was void was improper.

The judgment will be reversed.

HAMILTON and CUSHING, JJ., concur.