**LAKEWOOD MASONIC BENEFIT ASS'N. v JONES, insane, by MULVIHILL, Admr. et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17982. Decided March 10, 1941

118

Paynter & Snow, Cleveland, for plain-
tiff-appellee.

George C. Mulvihill, Cleveland, and Howard E. Hendershott, Cleveland, for defendant-appellant.

Howard H. Webster, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This cause comes into this Court by way of appeal on questions of law from a judgment of the Court of Common Pleas.

The questions presented have to do with the conflicting claims of the appellant, George C. Mulvihill, administrator of the estate of Catherine J. Jones, deceased, the appellee, Lena Jones, executrix of the estate of Charles H. Jones, deceased, and the appellee, Lena Jones in her own right to the proceeds of a fraternal benefit insurance certificate issued by the appellee, The Lakewood Masonic Benefit Association, on the life of Charles H. Jones, now deceased.

During his life-time, Charles H. Jones was a member of Clifton Masonic Lodge. As such member, and on October 18, 1927, he made application for membership in the Lakewood Masonic Benefit Fund. In making his application he, in answer to a question required to be answered upon the application for such membership as to whom he desired to designate as beneficiary, Charles H. Jones wrote: "Wife, Catherine J. Jones,—see Will." The Benefit Association changed its name in 1930 to Lakewood Masonic Benefit Association, and all members were required to make out new applications which the decedent did on February 28, 1931. In answer to a like question as to whom he designated as beneficiary, the decedent again wrote: "Wife, Catherine J. Jones."

Charles H. Jones married his first wife, Catherine J. Jones, in the early Nineteen Hundreds. In 1923 upon complaint filed in Probate Court, she, upon hearing, was adjudged insane by that court. The Probate records of Cuyahoga County show that on two subsequent occasions to-wit, in March, 1927, and in April, 1931, she was adjudged insane by that Court and at the time of the last adjudication she was confined to the State Hospital where she remained until the time of her death on December 21, 1940.

At the time of the first adjudication of insanity, Charles H. Jones was appointed guardian of her person and estate in which capacity he served until his death, when the appellant, George C. Mulvihill was appointed in his stead. The latter part of 1931 Charles H. Jones filed a petition for divorce against Catherine J. Jones, alleging as grounds for such divorce aggressions of his wife which occurred prior to the adjudication of insanity and on May 26, 1933, upon trial, the court granted the divorce to Charles H. Jones for the aggressions of his wife, Catherine J. Jones, prior to the adjudication for insanity as charged in the petition.

By the decree of the Court the said defendant was divested of all of her interest in the real estate held in her name which was acquired during coverture, to-wit, the homestead of the parties located at 1217 Granger Avenue, Lakewood, Ohio, said property being given by decree to Charles H. Jones. The decree mentions no other property.

The decree further provided as follows:

"It is further ordered, adjudged and decreed that said plaintiff shall support and maintain said defendant who is now confined in Newburgh Hospital (Dellhurst Sanitarium) until further order of the court."

Shortly after this decree was journalized, Charles H. Jones married Lena Jones with whom he lived as husband and wife until his death in September,

120

1939. The decedent did not attempt to change the beneficiary on the death benefit certificate with the Lakewood Masonic Benefit Association at any time before his death.

Both Catherine J. Jones, the first wife, and Lena Jones, the second wife, survived Charles H. Jones, and as stated above, both are claiming the right to the benefits of the death benefit certificate held by the decedent in the appellee, The Lakewood Masonic Benefit Association, the claim of Catherine J. Jones thereto now being represented by the administrator of her estate.

The stipulations of fact are silent as to whether or not Charles H. Jones during his lifetime ever contributed anything toward the support of Catharine J. Jones.

Sec. 9467 GC, which is a part of the chapter of the Ohio General Code dealing with Fraternal Benefit Societies, said section being entitled "When Death Benefits Shall Be Paid" provides as follows:

"The payment of death benefits shall be confined to wife, husband, relatives by blood to the fourth degree, father-in-law, mother-in-law, daughter-in-law, step-father, step-mother, step-child, child by legal adoption, orphans' homes maintained by any society or association, or, to a person or persons dependent on a member, provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in such benefit until the same has become due and payable upon the death of such member; provided that any society may, by its laws, limit the scope of beneficiaries within the above classes."

The appellant, George C. Mulvihill, administrator of the estate of Catherine J. Jones, claims the right to the proceeds of this benefit certificate on two grounds. First, that by the divorce decree, Catherine J. Jones was made a dependent and therefore, in addition to being named as beneficiary of the certificate, she would also come within this class of those entitled to the proceeds of such certificate under §9467 GC, hereinabove set forth. Second, that when Catherine J. Jones was named the beneficiary in the said certificate, she was at that time in fact the wife of the said insured, and by law was entitled to be so named, and that once having the legal right to be so designated and having been so designated, the right continued after the marital status is ended, the insured having failed to change the beneficiary to another within one of the classes provided by law.

Under the statute as above quoted, the law of Ohio has been clearly established as to who may be a beneficiary under a fraternal benefit association. The persons or institutions entitled to **receive payment** of the benefits are, the wife, * * *, or, to a person or persons dependent upon the member."

It seems clear from the foregoing statute that in order for ▮▮▮▮▮▮▮▮ ▮ one to receive the benefits of a certificate issued by a fraternal benefit association, he must be within a permissible class at the time the benefit is payable, as well as at the time he is designated as such beneficiary.

The Courts of Ohio, in an unbroken line of decisions, have interpreted the statute to require that a beneficiary must come within the class at the time of the death of the insured.

"This rule rests on the ground that the status of the beneficiary being the sole inducement for the ▮▮▮▮▮▮▮▮ ▮ insurance, the object of the benefit is and always remains in the person filling that particular status and the name given is a mere descriptive designation."

29 O. Jur. 325, §221.

Brotherhood of Railroad Trainmen v Taylor, 9 C. C. (N.S.) 117.

Maurer v Maurer, 19 C. C. (N.S.) 586.

Fitzgibbons v Woollcott, 126 Oh St 450.

It is true that in some jurisdictions the rule with respect to fraternal benefit associations does not differ from the rule applied to old line insurance companies, that is, that if the beneficiary designated had an insurable interest, or came within a permissible class at the time of being so designated, such right to be a beneficiary continued until changed by the parties regardless of any change of status outside of the permissible class, after such designation. It should be observed, however, that in jurisdictions where the rule is contrary to the holdings in Ohio no statute like §9467 GC is in force or effect.

We conclude, therefore, that Catherine J. Jones not being the wife of the deceased at the time of his death, had no legal right to share in the proceeds of the death benefit certificate here under consideration.

It is further contended that even though Catherine J. Jones could not take as wife, yet, by the decree of divorce she was made a dependent and that being designated by name, and being a dependent by virtue of said decree of divorce, she is entitled to receive the benefits of the insurance. This contention is not tenable. The assured designated his "wife" as the beneficiary. The statute provides that the assured shall "have the right to designate his beneficiary" which is, however, restricted within certain permissible classes. The designation that the payment shall be made to the "wife" is sufficient to satisfy the statute and the adding thereto of the name of the wife is "descriptio persona" and gives her no added right to the proceeds of the certificate.

It follows that whoever bears the relationship to the insured designated as beneficiary in the certificate at the time of the death of the insured, is the one to receive the proceeds.

Vol. 29 O. Jur. 326, ¶222.

Brotherhood of Railroad Trainmen v Taylor, 9 C. C. (N.S.) 17.

The fact that the decree in the divorce case attempted to fix an obligation upon Charles H. Jones to maintain and support Catherine J. Jones after the divorce granted because of her aggressions, thereby attempting to make her a dependent, will not assist the appellant because the insured directed that his "wife", and not a dependent, should be his beneficiary.

Whether or not the court in the divorce case had the jurisdiction to make Catherine J. Jones a dependent of her former husband, where the divorce was granted to him because of her aggressions, need not, under the circumstances, be decided. It is the claim of Lena Jones that this part of the decree is subject to collateral attack by any one whose legal rights are affected thereby, because the court was without jurisdiction to order Charles H. Jones to support his former wife in the divorce proceedings where he is granted a decree because of her aggressions.

The appellant claims that the plaintiff in the divorce case is bound by the decree unless he prosecutes error proceedings as provided by law and procured a reversal of such order by a reviewing court or until the order, being subject to a further consideration of the court, is modified upon motion filed for that purpose.

The jurisdiction of the common pleas court to deal with the subject of divorce is wholly statutory, and we must look, therefore, to the statutes for an answer to this question.

Sec. 11993 GC, provides:

"When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; or the husband shall be allowed such alimony

out of the real and personal property of the wife as the court deems reasonable. * * *."

In other words, there is no statutory authority for an order of alimony or support for a wife who has been divorced by a husband because of her aggressions. Where installment amounts have been ordered paid to ▇▇▇▇▇▇ ▇ a wife under such circumstances, the courts, in giving effect to such order, have uniformly held that such order is in fact a division of property and not a decree for support and as such is not subject to modification.

Moore v Central Trust & Safety Deposit Co., 18 Nisi Prius (N.S.) 175.

Syllabus:

"When a decree of divorce is granted on the aggressions of the wife, the fact that the allowance which is made to her is referred to in the decree as alimony, does not change its character from an allowance made to her out of his estate and so much therof as remains unpaid at his death becomes a charge against his estate."

**Fenn v Fenn, 23 C. C. (N.S.) 205:**

"Where a divorce is decreed a husband because of the aggression of the wife, the further jurisdiction of the court in respect to the property rights of the parties is determined by §5700 Revised Statutes (§11993 GC); and where in such case the decree provides for a monthly payment of alimony by the husband extending through a term of years, such payments are in fact not alimony but property of the husband adjudged to the wife, and are not subject to modification.".

The Court below, in its opinion, referred to the case of **Heflebower v Heflebower, 30 O. C. A. 545.** The appellees make a point of the fact that this case was reversed by the Supreme Court in **102 Oh St 674.** In this case the decree of divorce was granted the husband because of his wife's aggres-

sions (wilful absence for more than three years). The decree of the court ordered the plaintiff husband to pay his wife $35.00 per month until further order, as alimony, and $100.00 to be paid to defendant's attorneys as attorney fees. The decree also ordered "that the custody and support of the children be committed to defendant until further order of the court and that the support of said children during their minority be borne by the defendant." The plaintiff paid the amount ordered for more than six years and then defaulted. A proceeding in contempt was filed. The plaintiff answered, alleging that the plaintiff was awarded a divorce because of defendant's aggressions; that the plaintiff at the time of the decree had no property or estate of any kind except his ability to earn money in his profession, and that there was no order, decree or judgment awarded to defendant in property or estate belonging to plaintiff; that the court was without power or authority to enter a decree for weekly alimony. * * *.

The lower court overruled the demurrer and ordered the commitment of plaintiff for failure to carry out the court's order. The Court of Appeals reversed the lower court holding as follows:

Syllabus 1:

"In an action for divorce and alimony, the power of the court to make provision in favor of a wife, against whom a divorce has been ordered for her aggression, is fixed by §11993 GC. It is authorized to order the transfer to her of a share of real or personal property owned by the husband at the time of the decree, but it may not order alimony based on future personal earnings."

Syllabus 4:

"Where the court makes an order for the payment of a monthly sum for an indefinite time, not out of property then owned by the husband, the total amount of which is neither fixed nor

ascertainable, the award is not a "share of the husband's real or personal property."

Syllabus 5:

"If a court makes a decree which is not within the powers granted to it by the law of its organization, the decree is void and it may be attacked collaterally in proceedings in contempt to enforce it."

The Supreme Court of Ohio, in reversing the Court of Appeals and affirming the judgment of the Court of Common Pleas (the case being reported in 102 Oh St 678) did so solely on the ground of estoppel. The last paragraph of the Per Curiam reads as follows:

"Clearly, as a matter of common sense, common law and common justive, he ought not, after concurring in the order for six years, be thereafter heard to complain by a collateral attack in a contempt proceeding. If he had any remedy whatsoever it was by action to modify the former order."

In other words, the Supreme Court reversed the decision of the Court of Appeals on the ground of estoppel.

The facts in the above case are clearly distinguished from those in the case at bar because in the case at bar there is no evidence that the deceased ever paid one dollar of support or gave any heed to the court's direction that he support his former wife. It is distinguished further by the fact that the order in the Heflebower case was for a distinct sum of money and it might be from the circumstances that the order was in part entered because the defendant was ordered to maintain and support the minor children of the parties, while in the case at bar no amount whatever was directed to be paid and

no contempt proceedings could possibly be filed to enforce the order.

The doctrine of estoppel can have no application to the case ██ at bar and is therefore of no assitance to us.

We conclude that the Court of Common Pleas was without jurisdiction to make an order of maintenance and support to a wife divorced because of her aggressions and that that part of the decree ordering such **Headnote 8.** support and maintenance is void and of no effect, and is of no assistance in attempting to make Catherine J. Jones during her lifetime a dependent of the deceased, Charles H. Jones, under the provisions of the benefit certificate issued by the Lakewood Masonic Benefit Association.

The judgment of the Court of Common Pleas is therefore affirmed and the appellee, The Lakewood Masonic Benefit Association is ordered to pay the proceeds of such benefit certificate to the clerk of the Court of Common Pleas and the funds thus deposited shall be disbursed upon the judgment and order of the Common Pleas Court.

LEIGHLEY, PJ., MORGAN, J., concur.