**JONES, Plaintiff-Appellant, v. JONES, Defendant-Appellee.**

Ohio Appeals, Seventh District, Columbiana County.

No. 640. Decided May 25, 1945.

William H. Vodrey, East Liverpool, for plaintiff-appellant.
Brookes & Lynch, East Liverpool, for defendant-appellee.

### OPINION

By PHILLIPS, J.

At the conclusion of all the evidence in this case the trial judge said:

"(Addressing Mr. Jones): Mr. Jones, I granted the divorce to you but I ordered that you pay your wife the sum of Fifty Dollars a month, that is $25.00 each pay day, within a day or two thereafter. That is until the further order of the Court. If you should lose your job and your financial condition should

change, then, of course, you may file a Motion in this Court to modify the payments."

Apparently at that time the trial judge made the following entry in his trial docket:

"Jan T. (Jan 19) 1945 Trial proceded. Trial concluded. Divorce granted to plaintif from defendant on grounds of extreme cruelty. Plaintiff ordered to pay for her support until further order the sum of $50.00 per month payable at the rate of $25.00 two days after each pay day. First installment due Jan. 27, 1945, Plaintiff to pay costs and decree to be entered on payment of costs. See J."

By signed journal entry the trial judge found that defendant had "been guilty of extreme cruelty toward the plaintiff;" "that neither plaintiff nor defendant has any real or personal property other than plaintiff's personal earnings of approximately $150.00 per month after deductions;" granted plaintiff a divorce as prayed for in his petition, dismissed defendant's cross-petition for divorce and alimony, and ordered plaintiff "to pay to the defendant as and for her future support and maintenance, until further order of the court, the sum of $50.00 per month, being one-third of the estimated future earnings of the plaintiff, to be paid $25.00 on January 27th, 1945, and $25.00 on February 12th, 1945, and $25.00 on the 12th and 25th day of each calendar month thereafter."

Plaintiff appeals to this court on questions of law from the "support and maintenance" judgment of the trial judge, and claims he "erred in granting alimony to defendant wife upon the testimony of the wife unsupported by other evidence," and "in granting alimony to defendant wife from future personal earnings of plaintiff husband, after granting plaintiff husband a divorce by reason of the aggression of defendant wife."

As was said in the case of Lakewood Masonic Benefit Assn., Appellee, v Jones, by Mulvihill, Admr., Appellant; Jones, Exrx., et al, Appellees, 68 Oh Ap, 109:

"The jurisdiction of the Common Pleas Court to deal with the subject of divorce is wholly statutory, and we must look, therefore, to the statutes for an answer to this question.

"**Sec. 11993 GC,** provides:

" 'When the divorce is granted by reason óf the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable * * *.'

"In other words, there is no statutory authority for an order of alimony or support for a wife who has been divorced by a husband because of her aggression."

We are impressed by the reasoning in that case and like ▌ that court "conclude that the court of common pleas was without jurisdiction to make an order of maintenance and support to a wife divorced because of her aggression and that that part of the decree ordering such support and maintenance is void and of no effect."

The case at bar is distinguished from the case of **Watt, Appellee, v Watt, Appellant, 69 Oh Ap, 322,** upon which defendant relies, by the facts, among others, that in that case the record indicates that the parties had property at the time of divorce and "that the court intended to approve the property settlement agreement of the parties to which reference was made in the docket entry, and by the use of the language, which plaintiff claims was an award of alimony to defendant, granted defendant a share of plaintiff's estate, which under authority" of cases cited in the opinion written by a member of this court, "the court could order paid in monthly installments."

Having arrived at the conclusion reached in this case it is not necessary to pass upon plaintiff's assignment of error that "the trial court erred in granting alimony to defendant wife upon the testimony of the wife unsupported by other evidence."

It follows from what we have said that that part of the decree of the trial court ordering maintenance and support of defendant must be and hereby is reversed.

Now coming to render the judgment which the trial judge should have rendered final judgment is entered for the plaintiff on that portion of the decree of that court ordering maintenance and support of defendant.

NICHOLS, P. J., and CARTER, J., concur in judgment.