RAYKOVICH, Plaintiff-Appellee, v. YOUNGSTOWN (CITY) Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3168.   Decided April 26, 1947.

E. D. Chirelli, and William E. Lewis, Youngstown, for plain-tiff-appellee.

John W. Powers, Director of Law, I. Freeman and Walter E. Stankiewicz, Asst. Directors of Law, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

A jury in the court of common pleas returned a $5,000 verdict for plaintiff in her action to recover damages from defendant, a municipal corporation, for personal injuries sus-

tained about nine o'clock on the evening of December 12, 1945, as the result of a fall upon a defective curb allegedly maintained by defendant on the northerly side of Spring Street within the corporate limits of defendant city.

On October 31, 1946, defendant filed motions for a new trial and for judgment non obstante veredicto; and on November 7, 1946, the trial judge entered judgment for plaintiff against defendant on the verdict of the jury.

On December 26, 1946, plaintiff filed a motion to strike defendant's motion for a new trial from the files on the grounds that it was filed before the trial judge entered "final judgment on the verdict of the jury", that such motion was not refiled, and that defendant filed no other motion for a new trial within ten days of November 7, 1946; and on the same date filed a motion to strike from the files defendant's motion for judgment non obstante veredicto.

On December 28, 1946, defendant filed an application for leave to refile its motion for a new trial.

On January 14, 1947, upon hearing held that day, the trial judge sustained plaintiff's motion to strike defedant's motion for a new trial from the files on the ground that such motion was prematurely filed, and that defendant failed to prove that it was unavoidably prevented from filing a motion for new trial within ten days after November 7, 1946; denied defendant's application for leave to refile its motion for a new trial "as the same is not supported by the requirements of §11578 GC, of Ohio"; overruled plaintiff's motion to strike the defendant's motion for judgment non obstante veredicto from the files; and overruled defendant's motion for judgment non obstante veredicto.

Defendant filed its bill of exceptions in the court of common pleas on January 15, 1947, more than forty days after November 7, 1946, and on January 28, 1947, filed the following notice of appeal to this court: —

"Now comes the City of Youngstown, the above named defendant and appellant herein, and hereby gives Notice of Appeal to the Court of Appeals from a judgment of $5,000 entered on the 7th day of November, 1946 by the Court of Common Pleas on a verdict of the jury, and from an order striking defendant's motion for new trial and refusing leave to refile said motion, and from an order overruling defendant's motion for judgment notwithstanding the verdict entered by said Court of Common Pleas on the 14th day of January, 1947. Said appeal is on questions of law and fact."

Counsel for plaintiff filed a motion in this court to dismiss defendant's appeal, and contends that the defendant failed to file its notice of appeal in the court of common pleas within twenty days and its bill of exceptions within forty days from that court's entry of final judgment on November 7, 1946; that the trial judge properly struck from the files plaintiff's motion for a new trial, and thereafter the record stood as though no motion for a new trial had been filed; that as the record stood then and stands now the trial judge never ruled on defendant's claimed premature motion for a new trial, and that as a result thereof "there is no final order from which defendant-appellant could file an appeal to this court." Although plaintiff filed no cross-assignments of error she claims the trial judge erred when he "attempted on January 14, 1947, to overrule the motion of defendant-appellant for judgment non obstante veredicto, which is "the final order" from which "defendant-appellant is seeking to appeal to this court"; and finally that the trial judge overruled defendant's motion for judgment non obstante veredicto on November 7, 1946, when he entered judgment on the verdict of the jury.

Counsel for defendant contends that the Constitution as amended November 7, 1944, conferred on this court appellate jurisdiction to, and it should, hear its appeal in the instant case as one on law and fact; that a notice of appeal filed while any of the named motions or application were undisposed of would have been filed prematurely; and claims that "a judgment notwithstanding the verdict has been held to be a final order affecting a substantial right in an action—in effect determines the action regardless of the disposition made of defendant's motion for a new trial"; that the trial judge's entry of judgment upon the verdict of the jury, without notice to opposing counsel, was a "surprise entry" "which 'unavoidably prevented' defendant from filing its motion for a new trial within the statutory time", and in the interest of justice defendant "should be permitted to refile its motion for a new trial nunc pro tunc as of November 8, 1946."

We are of opinion that defendant's contention that this court has jurisdiction to, and should, hear this appeal as one on questions of law and fact is not well founded; and the appeal having been briefed and argued as one on questions of law the words "and fact" are stricken from defendant's notice of appeal, and it will be considered as an appeal on questions of law.

"Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, empowers but does not require

the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

"Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted." **The Youngstown Municipal Ry. Co., Appellant, v. City of Youngstown, et al, Appellees, 147 Oh St 221.**

The jurisdiction of this court to hear this appeal on questions of law and fact prior to and "at the time the amendment was adopted" is settled and so well known to counsel for defendant as to require no further comment.

Plaintiff filed her petition in the court of common pleas May 17, 1946, subsequent to the amendment to §11578 GC, effective October 11, 1945, and obviously her action was not a pending one on the latter date. If §11578 GC, in its present form is applicable, as we hold it is, by the provisions of that code section defendant was required to, but did not, file its motion for a new trial within ten days after the trial judge entered judgment upon the verdict of the jury.

"A 'decision is rendered' within the meaning of §11578 GC (51 Ohio Laws, 57), when there is filed with the clerk for journalization a finding which determines the issue submitted. (State, ex rel. Curran, v. Brookes, Jr., et al., Trustees, 142 Oh St 107, approved and followed.)" **Von Guten, Appellant, v New Justice Coal Co. et al., Appellees, 147 Oh St 511.**

Having struck from the files defendant's motion for a new trial on the grounds stated we believe that the trial judge was under no duty to rule upon that motion, and if he was that motion was overruled by the trial judge when he entered judgment on the verdict on November 7, 1946, which disposes of plaintiff's claim that as a result thereof "there is no final order from which defendant-appellant could file an appeal to this court", and as the record stood then there was no motion for a new trial on file.

As amended, effective October 11, 1945, §11578 GC reads as follows:—

"The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the

clerk for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such time, the court may in the interest of justice extend the time."

Unless defendant came within one of the named exceptions of §11578 GC, its motion for a new trial "must" have been "made within ten days after the journal entry of final order, judgment or decree was approved by the court in writing and filed with the clerk for journalization".

There is no evidence in the record submitted to us for review showing, or even tending to show, that defendant discovered new evidence material for it which it could not with reasonable diligence have discovered and produced at the trial in the court of common pleas; and in the stricken motion for a new trial filed October 31, 1946, it did not allege that as one of the grounds entitling it to a new trial.

There is no evidence indicating defendant was "unavoidably prevented" at any time from filing an application for a new trial within the time prescribed in §11578 GC; nor that the trial judge's entry of judgment upon the verdict of the jury was entered without notice to defendant, or its counsel, or with its approval as required by an alleged rule of the court of common pleas, which is not before us except as our attention is called to it by defendant's brief and oral argument, and of which we cannot take judicial notice. See Talamini v Solomon Ulmer, 23 O. C. C. (n. s.) 49. See also 20 American Jurisprudence, Section 43, Page 66, where it is said:—

"A court will judicially notice its own rules. But an appellate court will not take cognizance of the rules of the courts below where not in the record, although it will recognize the status and identity of those who act as judges in the lower courts."

There is no evidence supporting defendant's contention that such entry was a "surprise entry" to them; nor if it was a surprise entry that it "unavoidably prevented" defendant from duly filing its motion for a new trial within the time prescribed by §11578 GC, as then effective.

The holding of the court of appeals in the case of Casino v Huss, 71 Oh Ap 107, cited by counsel for defendant, that a "judgment notwithstanding a verdict is a final order 'affecting

a substantial right in an action' and 'in effect it determines the action' "; and the holding in **Massachusetts Mutual Life Ins. Co., v Hauk, 72 Ohio Ap 131,** that "the overruling of a motion for judgment notwithstanding the verdict is a final order from which appeal may be prosecuted", likewise cited by counsel for defendant, are not applicable to this case for the reason that we believe that "the entry of judgment upon a verdict in effect constitutes an overruling of a motion for judgment non obstante veredicto", **23 O. Jur. Section 83, Page 588;** that the overruling by the trial court of plaintiff's motion to strike from the files defendant's motion for judgment non obstante veredicto and overruling that motion were unnecessary for the reasons stated; and that defendant's motion for judgment non obstante veredicto was overruled by the trial judge when he entered judgment on the verdict on November 7, 1946, which we conclude was the final judgment in this case.

It may be, as counsel for defendant claims, that in the interest of justice the judge of the court of common pleas should have granted defendant's application to extend, and extended, the time for filing its motion for a new trial, but there is nothing before us upon which we can base a decision that in failing to do so he erred or abused his discretion; and in view of the facts in this case, and the law applicable thereto, we cannot arrive at the conclusion which counsel for defendant urges us to reach that defendant should have been permitted to refile "its motion for a new trial nunc pro tunc as of November 8, 1946."

It follows from what we have said that plaintiff's motion to dismiss defendant's appeal must be and hereby is sustained and the appeal dismissed.

Having scrutinized all of the record in this case carefully in disposing of plaintiff's motion to dismiss defendant's appeal, and realizing that if we are in error in our disposition thereof that possibly it may be necessary for us to pass upon this case on its merits we have determined to and proceed now to make such disposition thereof.

On the night and at the time stated heretofore herein plaintiff, aged nineteen years, and a girl companion were walking south on Elm Street and had turned and were walking east on Spring Street, which intersects Elm Street at right angles, within the corporate limits of defendant city, when they noticed how dark it was behind that building, which was the parking lot to the beer garden, and "some men in the doorway of the beer garden". As the result of such observation they "decided to cross the street and walk in the middle of the

street". In execution of that plan and purpose they crossed the parking strip situated between the northerly sidewalk and curb on Spring Street diagonally (which strip is just as much a part of that highway as the sidewalk or vehicular travelled portion thereof), and when they reached such curb plaintiff fell in a hole (which the jury viewed), resulting from the removal of six or eight inches of the northerly curb of Spring Street, and sustained a "partial dislocation of the fifth on the sixth" cervical vertebrae causing her to suffer severe pain, and necessitating her wearing "a head traction with the traction under the chin and back of the neck", "between two and three weeks", in the hospital where she was confined for four weeks, and necessitating her wearing a steel and leather cervical brace, "which limits the motion of the head", thereafter for six to eight months continuously, and to expend $625.00 for medical attention and hospital care, as the result of all of which she was unable to work and earn money for six weeks, and her earning capacity was lessened, impaired and interferred with. There is evidence that as the result of such injuries she suffers from a present partial dislocation of the vertebrae named; that she will possibly suffer from traumatic arthitis in the future; and that a complete cure is problematical.

Plaintiff and her witnesses testified that the place where she fell was unlighted and dark, and defendant's witnesses that it was lighted brightly; and while in its answer defendant denied the existence of the alleged hole in such curb, yet its counsel stated by brief that "anyone looking at the curb, from whichever direction, could not help but see the missing portion", and bottomed its submitted request to charge before argument upon the fact that plaintiff proceeded "to cross a street" diagonally across a parking strip and curb, the latter being "partly crumbled, and a portion thereof missing", which we construe as an admission of the defective condition of the curb in question.

After testifying that Elm and Spring Streets were sidewalked on both sides defendant city's investigator was asked:—

"Q. What was the condition of those sidewalks at the time you observed them?"

The trial judge sustained the objection made to the question by counsel for plaintiff, saying "there is no complaint you have a right to go on the theory that they were alright".

Defendant's counsel contends that the answer to the question "was highly pertinent to the defendant's contention that

plaintiff 'without necessity and for her own pleasure and convenience' departed from a safe course of travel and thereby assumed the risk incident thereto, and the exclusion of the answer was highly prejudicial to defendant".

Without further word we conclude the trial judge did not err in sustaining the objection of plaintiff's counsel to such question.

The trial judge refused to charge the jury in writing before argument the following proposition of law submitted by defendant's counsel:—

"A pedestrian who, without necessity and for her own pleasure or convenience, departs from the sidewalks and street crossings, which the evidence indicates were reasonably safe for travel in the usual mode, and proceeds to cross a street diagonally across a 'park strip' and a curb, the latter being partly crumbled and a portion thereof missing, is required to use care and precaution commensurate with such venture in order to avoid injury to herself."

Submission of that charge to the jury was rightly refused by the trial judge for the obvious reason, among others, that it was not based upon the evidence contained in the bill of exceptions, which failed to disclose that plaintiff left the northerly sidewalk of Spring Street "without necessity or for her own pleasure or convenience", or "either carelessly or for her own fancied convenience, she departed from the safe way when she left the brick crossing and went heedlessly on across, and out of, the street to her fate", as the supreme court found plaintiff had done in the case of **Dayton v Taylor, 62 Ohio St 11,** upon which counsel for defendant relies; and by such refusal the trial judge did not "repudiate the decision of the supreme court" announced in that case, and defendant was not prejudiced by such refusal as counsel for defendant claims.

There is absolutely nothing in the entire record submitted to us for review even tending to support the contention of counsel for defendant that "the damages awarded by the jury were grossly excessive, were not warranted by the evidence, and appeared to have been given under the influence of passion and prejudice"; nor warranting the trial judge sustaining defendant's motion for judgment notwithstanding the verdict," and the verdict is not "against the manifest weight of the evidence", nor "contrary to law", as counsel for defendant contends.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, and NICHOLS, J, Concur in Judgment.