**JOSHUA, Plaintiff-Appellee, v. JOSHUA, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3208.   Decided March 25, 1948.

J. P. Morgan, Youngstown, for plaintiff-appellee.
W. F. Yonkee, Youngstown, for defendant-appellant.

### OPINION

By PHILLIPS, J.

Defendant appealed to this court on questions of law from a judgment of the court of common pleas, division of domestic

relations, of Mahoning County, Ohio, dated October 14, 1947, overruling his motion to modify a former order of that court made in case numbered 112370 on the docket thereof allowing alimony to plaintiff, to whom on April 8, 1942, the judge of that court granted plaintiff a divorce from defendant on the grounds of extreme cruelty.

In case number 103481 filed in the same court on August 29, 1938, in which plaintiff sought alimony only, the trial judge confirmed a written separation agreement executed by the parties on the 27th day of February, 1939, based upon a good and valuable consideration, which under the holding in **Sponseller v. Sponseller, 110 Oh St, 395,** he had authority to do. In that agreement the parties agreed inter alia as follows:—

"Now, Therefore, in consideration of the premises and in consideration of Ruth H. Joshua caring, educating and controlling the rearing of the children of the parties hereto, the said Elton R. Joshua agrees to giving the custody of said children to Ruth H. Joshua, and to paying through the Youngstown Humane Society in the same manner as in the past, to-wit, the sum of Eighty ($80.00) Dollars payable in semi-monthly installments of Forty ($40.00) Dollars each, for the support of Ruth H. Joshua, and their minor children.

"Now, Therefore, in consideration of the premises each party hereto does hereby release and discharge the other from all obligations of support, and from all other claims, rights, and duties arising or growing out of said marital relations; and said parties mutually agree that each party hereto may freely sell or otherwise dispose of his or her own property by gift, deed or last Will and Testament, and each party is by these presents hereby barred from any and all rights or claims by way of dower, inheritance, descent, distribution, allowance for year's support, right to remain in the mansion house and all other statutory exemptions."

In the journal entry filed in case 12370 granting plaintiff a divorce the trial judge "found upon the evidence adduced", none of which except the separation agreement is before us, that:—

"* * * the parties hereto entered into a separation agreement, on the 27th day of February 1939, which among other things provided that the defendant is to pay the plaintiff permanent alimony in the sum of Eighty ($80.00) Dollars per month, payable semi-monthly; that the parties hereto have agreed that,

the defendant, Elton R. Joshua, is to continue to pay the plaintiff Ruth H. Joshua, the said sum of $80.00 per month alimony, until such time as the plaintiff remarries, or until such time. as the plaintiff enters into another written agreement with the defendant giving her consent to a reduction thereof.

"The court further finds that the parties hereto have taken into consideration the marriage of the parties' daughter, and that said payment of Eighty ($80.00) Dollars by the defendant to plaintiff is to be paid, regardless of change of facts and circumstances, save and except those herein mentioned."

That portion of the journal entry cited "that the parties hereto have agreed that the defendant, Elton R. Joshua, is to continue to pay the plaintiff Ruth H. Joshua, the said sum of $80.00 per month alimony, until such time as the plaintiff remarries, or until such time as the plaintiff enters into another written agreement with the defendant giving her consent to a reduction thereof" and "the court further finds that the parties hereto have taken into consideration the marriage of the parties' daughter, and that said payment of eighty ($80.00) Dollars by the defendant to plaintiff is to be. paid, regardless of change of facts and circumstances, save and except those herein mentioned" is not found in the copy of the separation agreement attached to DX-1 submitted to us. However in absence of evidence to the contrary since the trial judge specifically so found, and defendant does not deny it, we must conclude, as stated by counsel for plaintiff by brief, "that appellee and appellant entered into an Oral Agreement providing that appellant should pay to the appellee the sum of $80.00 per month as permanent alimony, and that said $80.00 payments were to be paid regardless of change of facts and circumstances, taking into consideration that the daughter was about, to be married", and that such sum was to be paid until plaintiff remarried or until she entered into a written agreement consenting to a reduction thereof.

In the absence of evidence of fraud or mistake, which in the confused state of the record we are not certain was intended to be urged, we conclude that the further decree of the court of common pleas, division of domestic relations, is a valid decree.

"A divorce being decreed for the aggression of the husband, and alimony being adjudged to the wife in accordance with an agreement of the parties, the terms of the decree as to alimony are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by the former husband

after the term at which the original decree was made." **Law v. Law, 64 Oh St, 369.**

"A court has no jurisdiction to re-open an alimony case and modify its former decree where the judgment awarding the original alimony is a final determination of the rights of the wife and there is nothing within the judgment entry to indicate any purpose of the court to maintain a continuing jurisdiction." **Blake v. Blake, 20 Abs 3** (sic).

"An agreement for alimony which is carried into a court decree is final, and cannot be modified by a subsequent decree on the ground of changed condition of the parties." **Jones v. Jones, 31 O. L. R. 253.**

"Where a decree for alimony is an adoption of an agreement between the parties, it is not the judgment of the court based upon evidence, but it is simply the agreement of the parties carried into the decree; it is final, and may not be modified by the court hereafter." 8 Ohio Nisi Prius Reports 238.

Counsel for appellant has not called our attention to instances in which the trial judge "over the objection of appellant, permitted the introduction of incompetent, immaterial and irrelevant evidence". Accordingly we will not pass upon that assigned ground of error. See §12223-21 GC.

In answering the question "And Herman George was the attorney for you in that case, wasn't he?" (action for divorce) appellant answered "Doggone if I know, maybe I did. He was in there once, I know"; and testified he didn't approve the journal entry filed April 8, 1942. He now contends "that the judgment and decree" of the trial judge in overruling his motion for modification of alimony award "was contrary to law" for the reason that such entry as filed did not comply with Rule V, Section 2, of the trial court, which provides:—

"True copies of all subsequent pleadings, or of any exhibits, motions, affidavits, briefs or other papers filed with the Clerk or with one of the Judges shall, unless otherwise ordered by the Judge, be served by the party filing the same upon each counsel of record in the case, or upon any party not represented by counsel."

His reason is that such entry was not submitted to nor approved by him or his counsel.

The interpretation and observance of the rule of the court of common pleas, division of domestic relations, under discussion in this case presented matters addressed to the sound

discretion of the trial judge, with whose discretion, in signing. such entry without approval of defendant or his counsel, in the absence of abuse thereof, which we do not find to exist,. we will not interfere; and this notwithstanding the decision. of the court in the cited case of **Baker v. Griffin, 79 Oh Ap, 276,.** by which we are not bound, that:—

"Failure of counsel for a prevailing party to comply with: a rule of court requiring submission of a proposed final judgment entry to 'counsel for the opposite party' furnishes. sufficient basis for the vacation of such judgment, upon the ground of irregularity in obtaining such judgment, in a proceeding instituted under the provisions of §§11631 and 11634 GC."

. That case is distinguished from the instant case by the fact that in that case apparently the evidence disclosed: "failure of counsel for a prevailing party to comply with a. rule of court requiring submission of a proposed final journal entry to counsel for the opposite party". There is no evidence in the record submitted to us for review in the case at bar indicating the existence of facts even similar to those in the case of Baker v. Griffin supra, who drew the entry which the trial judge signed, nor whether he drew it himself as so often happens when counsel fail to agree on a journal entry submitted to judges for approval, nor whether the trial judge "otherwise ordered" that it did not need approval of counsel. This court will not take judicial notice of the rules of practice of the Court of Common Pleas requiring prior submission of journal entry to opposing counsel. See Dorothy C. Rakovich, a minor, by and through her guardian, Ruby Rakovich, v. City of Youngstown, Mahoning Appeals No. 3168. (50 Abs 363.)

Like wise the case of **Jones v. Jones, 46 Abs 97,** cited by counsel for appellant, decided by this court, is distinguished from the instant case. In that case in which the trial judge granted plaintiff a divorce from defendant upon her aggression,. in which no separation agreement was to be considered, the trial judge made an order for the maintenance and support, of defendant, Minnie Jones, by plaintiff, Thomas R. Jones, based upon his future personal earnings. In that case this: court held:—

"There is no statutory authority giving the court of common pleas jurisdiction to make an order for the maintenance and

support based upon future personal earnings of the husband to the wife who has been divorced by her husband because of her aggression."

We adhere to our holding in that case in which the facts are not similar to those in this case, and we believe that case does not control in this case.

In the cited case of **Heckert v. Heckert, 57 Oh Ap 427,** which it is claimed is applicable to this case, this court said inter alia:—

"But, in this connection, a reservation of the right to modify an alimony decree may be implied from the fact that the allowance is made payable in installments for the support, not only of the wife, but of the minor child or children of the parties."

That case is distinguished from the instant case by the fact that no oral nor written separation agreement was involved in that case, as in this case in which the oral agreement specifically set forth as heretofore stated that there would be no subsequent modification except in accordance with such agreement, the terms of which have been set forth supra.

We conclude that in the instant case the trial judge specifically exhausted his jurisdiction and terminated continuing jurisdiction to modify the alimony award made to plaintiff by the journal entry he signed dated April 8, 1942, approving and confirming the separation agreement of the parties in the action in which it was filed, in the signing of which as stated in our opinion he did not err, and in which entry in our opinion there is no language which can be interpreted as reversing such jurisdiction by implication; and we cannot arrive at the conclusion we are urged to reach that the "finding, judgment and decree was contrary to the evidence and against the manifest weight thereof", nor that the "court erred in overruling appellant's said motion instead of sustaining said motion", nor that "under the evidence and the law should have been for appellant and against the appellee."

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in the judgment.