### CORTRECHT, Plaintiff, v. CORTRECHT, Defendant.

Common Pleas Court, Darke County.

No. 33499.   Decided July 31, 1951.

S. E. Mote, Greenville, for plaintiff.

Wilbur D. Spidel of Spidel, Staley & Hole, Greenville, for defendant.

## OPINION

By DULL, J.

This matter was submitted to the court upon the petition of the plaintiff husband, the answer and cross petition of the

defendant wife, the reply of the plaintiff husband and the evidence.

At the conclusion of two days of hearings, straining the meaning of the term preponderance and attempting to reach a practical, rather than a strictly statutory solution, the court granted an oral decree of divorce to the plaintiff husband upon the aggression of the defendant wife, it being the opinion of the court that the parties should be permanently separated. Further, by virtue of §11993 GC, the defendant wife was awarded, among other things, as her share of the plaintiff husband's personal property, the sum of $100.00 per month for a period of 10 years or a total sum of $12,000.00.

Both parties having expressed dissatisfaction with such a solution and upon the motion of the defendant wife, the matter was reopened for the hearing of additional evidence alleged to have been discovered since the original hearings. Such motion was granted and the matter reopened.

Viewing the action as a strictly statutory proceeding, the court is convinced that it was attempting to act beyond its powers in awarding the sum of $100.00 per month for 10 years or a total of $12,000.00 to the defendant wife by virtue of §11993 GC. The Courts of Ohio are inclined to view orders for such payments as alimony, and, hence, void. **Greene v. Greene, 54 Abs 490,** and **Miller v. Miller, 56 Abs 280.**

Further, the evidence revealed on both the original and later hearings that the only property of any consequence owned by the plaintiff husband was his present and future earnings. Again, in the light of such facts, the court is convinced that it was attempting to act beyond its powers in its award to the defendant wife. **Jones v. Jones, 46 Abs 97.**

Further, if there had been a separation agreement between the parties wherein the plaintiff husband agreed to pay alimony to the defendant wife, a decree of divorce to the plaintiff husband incorporating such an agreement would be valid and contempt proceedings would lie to enforce the alimony payments. **Holloway v. Holloway, 130 Oh St 214;** Vol. 2, No. 2, Ohio State Law Journal, p. 157; **Speer v. Speer, 49 Abs 65.** But there is no separation agreement between the parties to incorporate into such a decree; and, hence, contempt proceedings would not lie to enforce the court's oral award to the defendant wife.

Further, there was sufficient evidence presented on the second hearing after this matter was reopened to convince the court that the plaintiff husband may place himself beyond the jurisdiction and enforecable orders of the court.

The primary intent of the court is to do justice between the

parties but at the same time to render a valid and enforceable decree.

Bearing in mind that this proceeding is strictly a statutory one and, after a thorough study of all the evidence, the court is of the opinion that the defendant wife is entitled to. and a sufficient preponderance of the evidence warrants, the granting of some relief to the defendant wife and the minor child of the parties. The defendant wife is almost totally disabled physically, unemployable and requiring constant medical treatment.

There is insufficient evidence to prove the allegations in the answer and cross petition of the defendant wife as to any gross neglect of duty on the part of the plaintiff husband. Although the evidence introduced by the defendant wife in support of the allegations of extreme cruelty on the part of the plaintiff husband in her answer and cross petition, in the opinion of the court, may not meet the requirements of the preponderance because in some instances the extreme cruelty may have been provoked or at least aggravated by the defendant wife, yet it is strong evidence indeed. However, a preponderance of the evidence patently discloses that there were numerous instances of ill treatment of the defendant wife by the plaintiff husband and that there was a separation of the parties in consequence. It is on these grounds that this decree of alimony alone is awarded to the defendant wife.

Hence, the petition of the plaintiff husband is dismissed and a decree of alimony alone awarded to the defendant wife on her cross petition by which the plaintiff husband is ordered to pay to the defendant wife through the office of the Clerk of Courts of Darke County, Ohio, the sum of $21.25 plus poundage per week as permanent alimony and separate maintenance.

The custody of Brenda Jean Cortrecht, the minor child of the parties, is awarded to the defendant wife, with the plaintiff husband having the right to visit the child twice a month at such times as are convenient to all parties concerned.

The plaintiff husband is further ordered to pay to the defendant wife through the office of the Clerk of Courts of Darke County, Ohio, the sum of $10.00 plus poundage per week for the support of Brenda Jean Cortrecht, the minor child of the parties.

The costs of this proceeding are assessed against the plaintiff husband.

This decree is to become effective on the day of filing.

Exceptions are granted to the plaintiff husband and the defendant wife.